IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MOISES VALLE-AGUIRRE | § | |
| v. | § | CIVIL ACTION NO. 6:13cv806 |
| | | Crim. No. 6:12cr53-2 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Moises Valle-Aguirre, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining of the validity of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Valle-Aguirre pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of actual methamphetamine. His plea agreement contained a waiver of appeal provision reading as follows:

> Except as otherwise provided herein, defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, and/or order of restitution or forfeiture in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §2255. The defendant, however, reserves the right to appeal the following: (a) any punishment in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself.

Valle-Aguirre did not appeal his conviction, but has filed this motion to vacate or correct sentence under 28 U.S.C. §2255, arguing that he received ineffective assistance of counsel when his lawyer, Tonda Curry, failed to argue to the Court that he was entitled to a reduction of two to four points from his offense level as a minimal or minor participant in the criminal activity. He claimed

1

that he received a two-point reduction under the Safety Valve provision, U.S.S.G. §5C1.2 and "this would make the petitioner qualify for the minimal participant role downward departure."[1]

The Government filed a motion to dismiss arguing that the waiver of appeal provision barred Valle-Aguirre's claims. The Government also stated that an adjustment for a minimal or minor role was not agreed to in the plea agreement and that the offense conduct did not meet the criterial for a "minimal or minor role. Valle-Aguirre asserted in response that one of the requirements to obtain relief under the "safety valve" provision is that the defendant not be a leader or organizer. He maintained that he was "proved to be the lowest man in this criminal offense" and thus received ineffective assistance when counsel did not argue for a minimal participation downward departure.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Valle-Aguirre's motion to vacate or correct sentence be denied. The Magistrate Judge determined first that Valle-Aguirre's claim concerned alleged ineffective assistance of counsel at sentencing and he did not receive a punishment in excess of the statutory maximum, meaning that Valle-Aguirre's claim is barred by the waiver of appeal.

Even were the claim not barred, the Magistrate Judge stated that Valle-Aguirre offered nothing to show that had counsel argued for a sentence reduction based on a minimal or minor role, the result of the proceeding would probably have been different. The fact that he received a sentence reduction under the "safety valve" provision does not mean that he was also entitled to a reduction for a minimal or minor role; the "safety valve" provision requires only that the defendant not be an organizer, leader, manager, or supervisor of others in the offense, which is not the same as a showing

---

[1] The "safety valve" provision, found in U.S.S.G. §5C1.2, provides that the court may impose a sentence in accordance with applicable guidelines without regard to a statutory minimum sentence where the defendant (1) has no more than 1 criminal history point, (2) did not use violence or credible threats of violence or possess a firearm in connection with the offense, (3) the offense did not result in death or serious bodily injury to any person, (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise, and (5) the defendant truthfully provided to the Government all information concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

2

of a minimal or minor role. Minimal participants are those who are "plainly among the least culpable," while minor participants are those who are less culpable than others, but whose participation cannot be described as minimal.

In the present case, the Magistrate Judge said, the pre-sentence investigation report stated that Valle-Aguirre met with a confidential informant to consummate a sale of methamphetamine which had been arranged by his brother. At the time Valle-Aguirre was arrested, he had 226.2 grams of 93.9 percent pure methamphetamine, comprising 212 grams of pure methamphetamine.

That same day, officers went to Valle-Aguirre's residence, where a search found a 9mm handgun and two pink baggies containing 1.4 grams of cocaine, as well as numerous plastic baggies, a set of digital scales made to look like a cell phone, and cash. Based on these facts, the Magistrate Judge concluded that Valle-Aguirre's participation in the offense was plainly more than "minimal or minor."

In addition, the Magistrate Judge observed that Valle-Aguirre was convicted only of his own conduct, which was the delivery of 212 grams of methamphetamine to a confidential informant. The Magistrate Judge stated that Valle-Aguirre could not have been a minimal or minor participant in his own conduct, citing United States v. Lampkins, 47 F.3d 175, 181 (7th Cir. 1995).

In his objections to the Magistrate Judge's Report, Valle-Aguirre states that he was led to believe that he would receive a much shorter sentence and that he was told by his attorney he would not need the minimal participation designation when he signed the plea agreement. He states that he was debriefed by the government and he told everything he knew about the offense.

Valle-Aguirre acknowledges that he received the safety valve sentence reduction but says that counsel should have tried to get the minimal-participation reduction because Valle-Aguirre was the lowest man on the totem pole. He states he understands he waived his right to appeal, but says that his motion to vacate sentence was not an attempt to appeal, merely an attempt to get the minimal participation reduction. He again points out that he cooperated with the Government and says that he will never again commit another crime.

Valle-Aguirre's assertion that his motion to vacate sentence was not an attempt to appeal lacks merit because the waiver of appeal provision in his plea agreement barred him from contesting his conviction or sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. §2255. He offers nothing to suggest that counsel could have received a minimal or minor role reduction had she requested it, particularly in light of the the offense conduct as reported in the pre-sentence investigation report and the fact that Valle-Aguirre was sentenced only for what he himself did and could not be a minimal or minor participant in his own conduct.

Valle-Aguirre's statement that he was "led to believe that he would receive a much shorter sentence" is raised for the first time in his objections and thus is not properly before the Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992). In any event, he wholly fails to allege who led him to believe this or when, and the plea agreement which he signed attests that no other promises have been made or implied. The bare allegation that some unknown person or persons led him to believe that he would receive a much shorter sentence, absent any factual underpinning and raised for the first time in his objections, provides no basis for setting aside the Report of the Magistrate Judge.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and the Report of the Magistrate Judge (Docket No. 6) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence is hereby DISMISSED with prejudice. It is further

ORDERED that the Movant Moises Valle-Aguirre is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 23rd day of April, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**